Filed: September 19, 2012

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

INFORMAL BRIEFING ORDER
_____

No. 12-2139,    Michael A. McNeil v. State of Maryland
                8:11-cv-02495-DKC

This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. The case shall proceed on an informal briefing schedule pursuant to Local Rule 34(b). The Informal Brief Form is attached. Informal briefs shall be served and filed within the time provided in the following schedule. Only the original informal brief is required; no copies need be filed unless requested by the court.

Informal opening brief due: 10/15/2012

Informal response brief permitted within 17 days of filing of informal opening brief (filing of an informal response brief is not required)

Informal reply brief permitted within 13 days of filing of informal response brief, if any.

If the informal opening brief is not served and filed within the scheduled time, the case will be subject to dismissal pursuant to Local Rule 45 for failure to prosecute. Extensions of briefing deadlines are not favored by the court and are granted only for good cause stated in writing.

The court will not consider issues that are not specifically raised in the informal opening brief. If a transcript is necessary for consideration of an issue, appellant must order the transcript within 14 days of filing the notice of appeal, using the court's **Transcript Order Form**. Parties who qualify to proceed without prepayment of fees and costs may apply for preparation of the transcript at government expense. A motion for transcript at government expense should be filed

in the district court in the first instance. A motion for transcript at government expense filed in the Court of Appeals should be filed together with and will be considered in light of the informal opening brief.

The record is filed in the Court of Appeals in informally briefed cases. Therefore, no appendix is necessary. Any party wishing to review the record in the clerk's office must make advance arrangements to do so.

If appellant was represented by appointed counsel below, counsel's appointment does not continue on appeal unless an order is entered by this court appointing counsel on appeal. The court will not appoint counsel or schedule a case for oral argument unless it concludes, after having reviewed the informal opening brief, that the case cannot be decided on the basis of the informal briefs and the record.

Counsel filing an informal brief on behalf of appellee must also complete and file an **Appearance of Counsel** form.

Parties in civil and agency appeals **must** file a **Disclosure of Corporate Affiliations** within **14 days** of the informal briefing order, except that a disclosure statement is **not** required from the United States, from indigent parties, or from state or local governments in pro se cases. Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

>                    /s/ PATRICIA S. CONNOR, CLERK
>                    By: Taline A. Fischer, Deputy Clerk

Copies:    Mr. Jeffrey Wayne Bernstein
           WILSON, GOOZMAN, BERNSTEIN & MARKUSKI
           9101 Cherry Lane
           Suite 207
           Laurel, MD 20708-0000

           Mr. Hugh Scott Curtis
           OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
           200 St. Paul Place
           20th Floor
           Baltimore, MD 21202

Stephen A. Drazin
10420 Little Paxutent Parkway
Columbia, MD 21044-0000

Michael A. McNeil
7014 Gentle Shade Road
#402
Ashburn, VA 20146

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD 21043

Timothy J. Mummert
808 Landmark Drive
Suite 223A
Ferndale, MD 21061

Mr. Louis Paul Ruzzi
HOWARD COUNTY OFFICE OF LAW
3430 Courthouse Drive
Ellicott City, MD 21043-0000

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DIRECTIONS FOR INFORMAL BRIEF

1. **Preparation of Brief**. The Court will consider this case according to the written issues, facts, and arguments presented in the Informal Briefs. Space is provided to present up to four issues. Additional issues may be presented by attaching additional sheets. The Court will not consider issues that are not specifically raised in the Informal Briefs. Informal Briefs must be legible and concise, and any attached pages must be sequentially numbered. Informal Briefs may be filed on the form provided or in memorandum or formal briefing format.

2. **Copies required.**
* File the original of the Informal Brief with the Court. If you would like a file stamped copy returned, send an extra copy and a self addressed stamped envelope. The Court's address is:
Clerk
U.S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219
* Send one copy of the Informal Brief to each of the parties in the case.

3. **Certificate of Service Required.** You must certify that you sent each of the other parties or attorneys complete copies of all documents you send the Court. Service on a party represented by counsel shall be made on counsel. Be certain that your certificate shows the complete name and address of each party or attorney to whom copies were sent and the date of mailing.

4. **Signature Required.** You must sign your Informal Brief and all Certificates of Service. If the Informal Opening Brief is not signed, the case will be subject to dismissal under this Court's Local Rule 45.

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No.  12-2139,      Michael A. McNeil v. State of Maryland
8:11-cv-02495-DKC

1. **Jurisdiction (for appellants/petitioners only)**
A. Name of court or agency from which review is sought:

B. Date(s) of order or orders for which review is sought:

2. **Timeliness of notice of appeal or petition for review (for prisoners only)**
Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:

3. **Issues for Review**
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.
**Issue 1.**

**Supporting Facts and Argument.**

**Issue 2.**

**Supporting Facts and Argument.**

**Issue 3.**

**Supporting Facts and Argument.**

**Issue 4.**

**Supporting Facts and Argument**

4. **Relief Requested**
**Identify the precise action you want the Court of Appeals to take:**

5. **Prior appeals (for appellants/petitioners only)**

A. Have you filed other cases in this Court? Yes [ ] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_____
Signature
[Notarization Not Required]

_____
[Please Print Your Name Here]

**CERTIFICATE OF SERVICE**
**********************

I certify that on _____ I served a copy of this Informal Brief on all parties, addressed as shown below:

_____
Signature

## Memorandum on Sealed and Confidential Materials

**Internet Availability of Docket & Documents:** Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal. Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

**Federal Rules of Procedure:**  The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

**Judicial Conference Privacy Policy:** In addition, the [Privacy Policy for Electronic Case Files](#) prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

**Local Rule 25(c)**: Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents. Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

**Sealed Volume of Appendix**: If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s) and to indicate that four sealed paper volumes have been sent to the court. Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.

- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. Four paper copies of certificate of confidentiality must accompany the four paper copies of the sealed appendix filed with the court..
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s) and to indicate that six public paper volumes have been sent to the court (five if counsel is court appointed). Paper copies of public volumes of appendix do not need to be served on other parties if they were served with full public appendix in electronic form.

**Sealed Version of Brief**: If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted and to indicate that four sealed paper copies have been sent to the court. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. Four paper copies of certificate of confidentiality must accompany the four paper copies of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which sealed material has been redacted and to indicate that eight paper copies have been sent to the court (six if counsel is court appointed). Paper copies of public brief do not need to be served on other parties.

**Sealed Version of Motions and Other Documents**:  If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. No paper copies need be filed, but other parties must be served in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

**Motions to Seal**: If counsel believes it is necessary to seal the entire case or document and that it is not possible to create a public, redacted version of filings, counsel may file a motion to seal the entire case or document. The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal. The motion to seal must explain why it is necessary to seal the entire case or document and why a it is not possible to prepare a public, redacted version of filings.

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

CHANGE OF ADDRESS (PRO SE)

_____

No.  12-2139,    <u>Michael A. McNeil v. State of Maryland</u>
8:11-cv-02495-DKC

If your address changes, it is your obligation to notify the clerk. If your address changes and you do not notify the clerk, we will not be responsible for your failure to receive documents from the court.

THE CLERK IS HEREBY NOTIFIED THAT MY ADDRESS SHOULD BE CHANGED TO:

| |
|---|
| Name: |
| Street/P. O. Box: |
| City/State/ZIP: |
| Telephone Number: |
| Prison (if applicable): |
| Prisoner's Reg. No. (if applicable): |
| Release Date (if applicable): |
| Effective Date for Change of Address: |
| Signature: |