# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## INFORMAL BRIEF OF HOWARD COUNTY, MARYLAND

No. 12-2139,  Michael A. McNeil v. State of Maryland, *et al.*
             8:11-cv-02495-DKC

1. **Jurisdiction (for appellants/petitioners only)**

    Not applicable.

2. **Timeliness of notice of appeal or petition for review (for prisoners only)**

    Not applicable.

3. **Issues for Review**

**Issue 1.**

Whether the lower court correctly ruled that Howard County is entitled to dismissal of the Amended Complaint where Plaintiff's allegations fail to identify or include a reference to a single Howard County employee or to describe how any specific employee committed any act that violated Plaintiff's constitutional rights?

**Supporting Facts and Argument.**

　　　The underlying Complaint appears to allege, in an unsupported and conclusory fashion, a conspiracy among "Plaintiff's ex-wife, multiple judicial officers, attorneys, circuit court employees, and court-appointed social workers to deprive Plaintiff of his constitutional rights." Memorandum Opinion at 1 (hereinafter cited as "Memo"). Notably absent from both the Court's description and the Amended Complaint itself is any reference to one or more specific, individual Howard County employees. Count 21 of the Amended Complaint purports to allege a claim of supervisory liability or "failure to supervise" as to the County. Yet, this count lacks any specificity whatsoever as it relates to Howard County government.

　　　In its Memorandum Opinion, the lower court painstakingly reviewed the dozens of counts and legal theories posited by Plaintiff, including Count 21. Neither the Court nor the County's undersigned counsel was able to locate a single mention of an employee of Howard County, Maryland. The vague allegations of Plaintiff's Complaint pertain exclusively to private individuals or governmental actors under the direction and control of the State judicial system – judges, court administrators and staff, as well as court-appointed social workers.

  As the lower court correctly noted (Memo at 23), the absence of any reference to individual County personnel dooms Plaintiff's attempt to implicate Howard County. The Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commrs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). Here, it is axiomatic under the pleading standard established in *Twombly* that Plaintiff cannot bring a supervisory liability claim without alleging (at a minimum) the identity of a particular County employee(s) at either the supervisory or staff level who participated in the alleged conspiracy. For these reasons, the lower court correctly concluded that Howard County was entitled to dismissal of the Amended Complaint in light of Plaintiff's failure to state a claim upon which relief can be granted as to the County.

### 4. Relief Requested

  The County respectfully requests that the Court affirm the district court's decision.

### 5. Prior appeals (for appellants/petitioners only)

  Not applicable.

             HOWARD COUNTY OFFICE OF LAW
                /s/

             _____
             Margaret Ann Nolan      Bar No. 09819
             County Solicitor
                 /s/

             _____
             Louis P. Ruzzi         Bar No. 04226
             Senior Assistant County Solicitor
             Carroll Building
             3450 Court House Drive
             Ellicott City, Maryland  21043
             410.313.2104
             410.313.3292 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on November 1, 2012 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Jeffrey Wayne Bernstein, Esquire
Wilson, Goozman, Bernstein & Markuski
9101 Cherry Lane, Suite 207
Laurel, MD  20708

Stephen A. Drazin, Esquire
10420 Little Patuxent Parkway
Columbia, MD  21044

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD  21043

Timothy J. Mummert, Esquire
808 Landmark Drive, Suite 808
Ferndale, MD  21061

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD  21046

Hugh Scott Curtis
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place, 20th Floor
Baltimore, MD  21202

/s/
_____
Louis P. Ruzzi
Senior Assistant County Solicitor