# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## <u>INFORMAL BRIEF OF V. PETER MARKUSKI JR</u>

No. 12-2139,   Michael A. McNeil v. State of Maryland, *et al.*
              8:11-cv-02495-DKC

**1.    Jurisdiction (for appellants/petitioners only)**

Not applicable.

**2.    Timeliness of notice of appeal or petition for review (for prisoners only)**

Not applicable.

**3.    Issues for Review**

**Issue 1.**

Whether the lower court correctly ruled that V. Peter Markuski, Jr. is entitled to dismissal of the Amended complaint where Plaintiff's allegations fail to identify that the Maryland Laws regarding the appointment and payment of a Best Interest Attorney for minor children are unconstitutional.

**Supporting Facts and Argument.**

The underlying "Complaint alleged, in conclusory fashion,  a conspiracy by and between Plaintiff's ex-wife, multiple judicial officers, attorneys, circuit court employees, and court-appointed social workers to deprive Plaintiff of his constitutional rights." Memorandum Opinion at 1 (hereinafter cited as "Memo"). In the Memorandum Opinion, the lower court reviewed the multiple counts and legal theories posited by Plaintiff, including Counts six and seven, where the Court stated that "the count essentially challenges the denial of Plaintiff's request to strike Mr. Markuski's appearance, which is a matter properly addressed to state appellate courts, and if appropriate, to the Supreme Court of the United States on certiorari." (Memo at 11-12).
   As the lower court correctly stated, "'under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.' *American Reliable Ins. Co. v. Stillwell*, 336 F. 3d. 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983);  *Rooker v. Fiedlity Trust Co.*, 263 U.S. 413, 415-16 (1923)." (Memo at 5).  Additionally, "the doctrine bars 'lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" (Memo at 6).
   The Supreme Court has directed courts that "Rule 8 still requires a 'showing," of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 . 556 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In its

determination, the Court must consider well-pled allegation in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commrs*, 882 F2d. 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.E.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F2d. 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted)

   In the Circuit Court for Howard County, Honorable Judge Becker, in response to multiple requests by the Plaintiff refused to remove Mr. Markuski as the Best Interest Attorney's for the Plaintiffs minor children amid various arguments against the appointment and payment schedule. In the instant case, Mr. McNeil, is seeking to set aside a state court judgment and is not in fact presenting an independent claim. The Complaint is devoid of any facts or specific allegations suggesting an agreement among any defendants to deprive Plaintiff, Mr. McNeil, of his constitutional rights. (Memo at 7). For these reasons, the lower court correctly concluded that Mr. Markuski was entitled to dismissal of the Amended Complaint in light of Plaintiff's failure to state a claim upon which relief can be granted.

**4.**  **Relief Requested**

Mr. V. Peter Markuski, Jr. respectfully requests that the Court affirm the district court's decision.

**5.**  **Prior appeals (for appellants/ petitioners only)**

Not applicable.

              GOOZMAN, BERNSTEIN & MARKUSKI

              /s/
              _____
              Jeffery W. Bernstein  Bar No. 08458
              9101 Cherry Lane, Suite 207
              Laurel, MD 20708
              301.953.7480
              301.953.1339 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2012 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below.

Stephen A. Drazin, Esquire
10420 Little Patuxent Parkway
Columbia, MD 21044

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD 21043

Timothy J. Mummert, Esquire
808 Landmark Drive, Suite 808
Ferndale, MD 21046

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046

Hugh Scott Curtis
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place, 20th Floor
Baltimore, MD 21202

Louis P. Ruzzi
Senior Assistant County Solicitor
Carroll Building
3450 Court House Drive
Ellicott City, MD 21043